UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 05-77-DLB-JGW

UNITED STATES OF AMERICA                                           PLAINTIFF

VS.

MARCUS McGUIRE                                                      DEFENDANT

### REPORT AND RECOMMENDATION

On June 28, 2013 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, MARCUS McGUIRE, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Gary Sergent and the United States was present through Assistant United States Attorney Bob McBride. The proceedings were recorded as an audio file and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the June 16, 2013 violation report of U.S.P.O. John D'Alessandro.

After pleading guilty to Possession with Intent to Distribute Crack Cocaine and Felon in Possession of a Firearm, McGuire was sentenced on December 13, 2006 to seventy months incarceration followed by three years supervised release. His current term of release began September 21, 2011 and included special conditions of drug testing, substance abuse counseling, and a search condition.

Defendant's supervised release was revoked on February 16, 2011 because of positive urine samples. McGuire was sentenced to six months incarceration followed by two years supervised

1

release. Slightly more than two years later, McGuire submitted a urine sample on March 20, 2013 which tested positive for marijuana. Defendant acknowledged the positive results and requested substance abuse counseling. The Court then modified the defendant's conditions of release to include 24 days of intermittent confinement so that McGuire could enroll in substance abuse counseling. Due to defendant's varied employment schedule, the confinement period was incompatible with the BOP and their designation practices. His conditions were ultimately modified to reflect a 24 day residence at the Talbert House in Cincinnati where he began his term on May 31, 2013. The defendant now stands charged with the following new violation:

**VIOLATION #1: THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME (GRADE B VIOLATION)**

On May 30, 2013 the defendant submitted a urine sample which ultimately returned as positive for marijuana.

**VIOLATION CONDUCT**

On March 20, 2013 defendant submitted a urine sample which tested positive for marijuana, and because McGuire admitted to using the drug, a sample was not sent to the lab for confirmation. On May 2, 2013 another sample tested positive for marijuana, but on this occasion McGuire denied using the drug since March 20, 2013. However, the sample ultimately returned as positive for marijuana from the lab. As stated previously, he submitted another positive urine sample on May 30, 2013. On June 3, 2013 the lab submitted a THCA Interpretation Letter indicating that McGuire used marijuana after the admitted March 20 date and prior to the May 2, 2013 samples collection. The THCA levels also increased between the May 2, 2013 and May 30, 2013 samples.

The parties have reached an agreement as to the appropriate punishment for the above infraction, and the Court being satisfied from dialogue with the defendant that he understands the

nature of the charge pending against him, has had ample opportunity to consult with counsel, and enters this agreement knowingly and voluntarily, accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above, and that his supervised release be REVOKED;

2. That the defendant, MARCUS McGUIRE, be sentenced to the custody of the Attorney General for a period of **FIFTEEN (15) MONTHS** with NO SUPERVISED RELEASE to follow, and that the defendant be afforded forty (40) hours drug counseling at the discretion of the BOP;

3. That the defendant self surrender within **three (3) weeks** from entry of judgment in this case.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 3rd day of July, 2013.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge